Alburtis agt. Dudley.

---

## SUPREME COURT.

### EDWARD K. ALBURTIS agt. GEORGE DUDLEY.

Unless property *attached* by a sheriff is *sold,* he is not entitled, as a matter of right, *to poundage.*

*Fifty cents* is all the sheriff, in case the property is not sold, can claim, except, perhaps, 12¼ cents for returning the writ, and 19 cents for a copy of the writ, making 82 cents, *as matter of right;* all further compensation depends upon what shall be certified by the officer issuing the warrant to be *reasonable.*

The reasonable compensation allowed in this case for the trouble and expenses in taking possession of and preserving the property attached, was $5 for putting a person in charge, and $2 per day for taking charge and watching the property.

*New York Special Term, July,* 1861.

MOTION for taxation of sheriff's fees on attachment.

PADDOCK & CANNON, *for motion.*
SHERIFF IN PERSON, *opposed.*

BARNARD, Justice. In this case an attachment was issued against the property of defendant pursuant to the Code, for $4,238, and property belonging to defendant was attached thereunder. After the sheriff had been in charge for four days the property was bonded. The sheriff refused to deliver up the property unless the bill of $70.79 was paid.

The items comprised are:

Alburtis agt. Dudley.

| | |
|---|---:|
| Service of attachment . . . . . . . | $0 69 |
| " " copy and notice . . . . . . | 2 00 |
| Compensation (for poundage). . . . . | 56 10 |
| Four days keeper's fees, $3. . . . . . | 12 00 |
| | $70 79 |

The 243d section of the Code (under the title of attachments) provides, " the sheriff shall be entitled to the same fees and compensation for services, and the same disbursements under this title, as are allowed by law for like services and disbursements, under the provisions of chapter 5, title 1, part 2 of the Revised Statutes." Section 33, title 3, chapter 10, part 3 Revised Statutes, vol. 3, p. 924, 4th ed., provides for the fees and charges of sheriffs. One of these provisions is as follows: " For serving an attachment against the property of a debtor under the provisions of chapter 5 of the second part, or against a ship or vessel under title 8, chapter 8, part 3, fifty cents with such additional compensation for his trouble and expenses in taking possession of and preserving the property attached as the officer shall certify to be reasonable ; and when the property so attached shall afterwards be sold by the sheriff, he shall be entitled to the same poundage on the sum collected, as if the same had been made under an execution."

It is evident that unless the attached property be sold, the sheriff is not entitled as matter of right to the poundage.

This (no sale having been made in this action) disposes of the third item of the bill. By the terms of this provision of the Revised Statutes, fifty cents is all the sheriff, in case the property be not sold, can claim as matter of right; all further compensation depends upon what shall be certified by the officer issuing the warrant to be reasonable.

But there are two provisions of this 33d section which may possibly allow the sheriff as a matter of right the

further sum of thirty-two cents. I refer to the provision allowing twelve and a half cents for returning a writ, and to the provision allowing nineteen cents for a copy of a writ. As these amounts are so small, I will not take time to inquire whether the sheriff is entitled to them as matter of right or not, but shall assume he is.

I shall, therefore, hold in this, and in all similar cases, that the sheriff can tax as matter of right only eighty-two cents.

The remaining question to be disposed of is, what sum ought to be certified as a reasonable compensation for the trouble and expenses of the sheriff in taking possession of and preserving for four days the property attached. As the warrant was issued by me, I am the proper officer to give the certificate. The property attached was personal— nothing appears showing that the sheriff was put to any trouble or expense further than sending a subaltern to the store to take and remain in charge. It does not appear that there was any difficulty in finding, or when found, getting possession of the property, conceding that a deputy sheriff went in the first instance with his subaltern and attachment, and put the man in charge. I think $5 would be ample compensation for that service, and $2 per day is ample compensation for a man simply taking charge of and watching the property, which certainly requires no extraordinary skill or talent.

The bill is therefore taxed at $13.82—82 cents as matter of right, and $13 certified to be a reasonable compensation for the trouble and expenses of taking possession of and preserving the property attached.